USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARMANDO CASTRO, INOCENTE JOJ, LUIS LOPEZ, JOSE LUIS GORDILLO JIMENEZ, MIGUEL ALEX QUIEJ LOPEZ, OLIVIO REYES, OSCAR GUTIERREZ, and RAFAEL PASCUAL CHACAJ BATZ,

        Plaintiffs,

v.

BLACK ROSE HOSPITALITY LLC, JAMES RICHARDS, DAVID RICHER, RUSSELL YAM, and ERIC HERNANDEZ,

        Defendants.

No. 21-CV-5834 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Armando Castro, Inocente Joj, Luis Lopez, Jose Luis Gordillo Jimenez, Miguel Alex Quiej Lopez, Olivio Reyes, Oscar Gutierrez, and Rafael Pascual Chacaj Batz (collectively, "Plaintiffs") bring this action against Defendants Black Rose Hospitality LLC, James Richards, David Richer, Russell Yam, and Eric Hernandez (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Hospitality Wage Order of the New York State Department of Labor (codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146). Before the Court is the parties' application for approval of a settlement agreement.

    District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the

parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The Court, having reviewed the parties' proposed settlement agreement and fairness letter, finds that the settlement is fair and reasonable. Under the proposed settlement agreement, Defendants agree to pay Plaintiffs a total of $90,000, which includes $30,000 in attorneys' fees and costs. *See* Fairness Letter at 2–3; Settlement Agreement ¶ 3. Of the $30,000, Plaintiffs' costs equal $695 and Plaintiffs' counsel seek $29,305 in attorneys' fees. *See* Fairness Letter at 3. Plaintiffs allege that they were entitled to $52,252.79 in backpay and estimate that, were they to recover in full, they would receive approximately $200,053.73 for their claims, including damages and interest but excluding attorneys' fees and costs. *Id.* at 2. This means that the proposed settlement amount that would go to Plaintiffs, $60,000, represents 30% of Plaintiffs' total unpaid wages calculation with damages.

This amount is fair and reasonable. Although the recovery amount falls short of the maximum amount that Plaintiffs assert they might have recovered at trial, it is seasonable "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiffs' counsel reports that "there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. . . . [including Defendants' production of] wage and

hour records which purport to show that Plaintiffs did not work the number of hours that they claimed to work and that Plaintiffs did not earn the wages that they claimed to earn." Fairness Letter at 2.  Additionally, Plaintiffs contend that "Defendants have limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full." *Id.* For those reasons and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

The Court also approves the attorneys' fees set forth in the Fairness Letter.  "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request."  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. Dec. 8, 2016).  Here, the attorneys' fees are $29,305, which is approximately 33% of the $90,000 settlement fund after costs.  *See* Fairness Letter at 3.  When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."  *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee is therefore reasonable as a fair percentage of the net award.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Here, Plaintiffs have agreed to release Defendants from "wage and hour actions . . . which have accrued from the beginning of time through the date that all Parties execute this Agreement, in particular claims under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York State Department of Labor."  Settlement Agreement ¶ 6.  This release of claims is

limited to the issues asserted in this action or related claims that could have been asserted. Similar releases are routinely approved. *See Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 WL 1688014, at *1 (S.D.N.Y. Apr. 27, 2016). Accordingly, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

Finally, courts must carefully scrutinize confidentiality and non-disparagement provisions in FLSA settlement agreements in order to ensure that they do not undermine the broad remedial goals of the FLSA. *See Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The parties' proposed agreement requires that the parties refrain from "disparag[ing]" one another, including by making any remarks that "adversely affect the conduct of Defendants' business or reputation or interests of Defendants" or "adversely affect the reputation or interests of Plaintiffs." Settlement Agreement ¶ 9. The non-disparagement clause does, however, contain a carve-out: it provides that the parties are not precluded from "communicat[ing] truthfully regarding their experience during the Litigation, including with respect to the claims and defenses asserted in the Litigation." *Id.* Non-disparagement clauses are not *per se* objectionable, and may be fair and reasonable so long as they "include a carve-out for truthful statements about plaintiffs' experience litigating their case." *See Lazaro-Garcia*, 2015 WL 9162701, at *3; *see also Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18 Civ. 454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (approving non-disparagement clause that included such a carve-out); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (same). Because the parties have included a satisfactory "carve-out," the Court concludes that the non-disparagement clause is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   January 14, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge